FILED
U.S. DISTRICT COURT

2008 JUN 30 AM 11: 51

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| BOBBY RUTLEDGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 307-055 |
| | ) | |
| DR. FNU LIFT, Physician, Telfair State Prison Medical Department, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Georgia State Prison located in Reidsville, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is *pro se* and proceeding *in forma pauperis* ("IFP"). The matter is now before the Court on Plaintiff's "Motion for Declaratory Judgement [sic] Action," which the Court construes liberally as a motion for default judgment pursuant to Federal Rule of Civil Procedure ("Federal Rule") 55. (Doc. no. 29). Defendants Madison, Farmer, and Burnette oppose the motion ("Opposing Defendants").[1] (Doc. no. 30). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's "Motion for Declaratory Judgement [sic] Action" be **DENIED**. (Doc. no. 29).

---

[1] The Court notes that Plaintiff objects to Opposing Defendants' response to the instant motion because "they have no standing of law since they do not represent Defendant's Lift [or] Herman . . . ." (Doc. no. 31, p. 1).

As Plaintiff is proceeding IFP, he is entitled to rely on the "officers of the court" to serve all process. See 28 U.S.C. § 1915(d). In this regard, the Court directed the United States Marshal to effect service on Defendants. (Doc. no. 18). Notably, the Court explained that, in accordance with Federal Rule 4(m), service must be accomplished within 120 days of the date of the Order and that Plaintiff is responsible for providing sufficient information for the United States Marshal to identify and locate Defendants to effect service. (Id. at 5). Although the United States Marshal effected service on Defendants Burnette, Madison, and Farmer, who filed an answer to the above-captioned complaint on May 28, 2008, (doc. nos. 22-25), nothing in the record indicates that service has been effected on Defendants Lift or Herman.

In the instant motion, Plaintiff contends that Defendants Lift and Herman have not filed an answer or otherwise defended the above-captioned action. (See doc. no. 29). As such, Plaintiff requests, *inter alia*, that a default judgment be entered against Defendants Lift and Herman. (See id.). Opposing Defendants counter, "[A]ny judgment against [D]efendants Herman and Lift would be improper as there is no evidence that [D]efendants Herman or Lift have either acknowledged service or been served with process." (Doc. no. 30, p. 1).

Under the Federal Rules, default judgment is available "[w]hen a party . . . has failed to plead or otherwise defend, and that failure is show by affidavit or otherwise . . . ." Fed. R. Civ. P. 55(a). However, defendants are not required to file a pleading or otherwise defend an action unless and until they are properly served. See Varnes v. Local 91, Glass Bottle Blowers Ass'n, 674 F.2d 1365, 1379-70 (11th Cir. 1982) (holding that no default could issue

2

on an amended complaint because it was not properly served).² Opposing Defendants argue, and the Court agrees, that nothing in the record suggests that Defendants Lift or Herman have been properly served.³ As such, Defendants Lift and Herman are not yet required to file an answer or other responsive pleading pursuant to Federal Rule 12(a),⁴ and therefore, default judgment is not available to Plaintiff under these circumstances. For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's "Motion for Declaratory Judgement [sic] Action" be **DENIED**. (Doc. no. 29).

SO REPORTED and RECOMMENDED this 30th day of June, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

²Furthermore, the Eleventh Circuit explained, "[D]efault judgments are disfavored. Courts prefer adjudication on the merits." Varnes, 674 F.2d at 1379 (citing Seven Elves, Inc. v. Eskenazi, 635 F.2d 396 (5th Cir. 1981)).

³In this regard, the Court notes that the time in which to effect service has not yet expired. (See doc. no. 18, p. 5).

⁴Under Federal Rule 12(a), a defendant is required to serve an answer within twenty (20) days after being served with the summons and complaint or, if service has been timely waived under Federal Rule 4(d), within sixty (60) days after the request for a waiver of service was sent to the defendant. Fed. R. Civ. P. 12(a).

3