ORIGINAL

FILED
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA 2008 AUG -5 AM 11: 40

DUBLIN DIVISION

CLERK
SO. DIST. OF GA.

| | | |
|---|---|---|
| BOBBY RUTLEDGE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV 307-055 |
| DR. FNU LIFT, Medical Physician, Telfair State Prison Medical Department, et al., | ) ) ) ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Georgia State Prison in Reidsville, Georgia, commenced the above-captioned case pursuant to 42. U.S.C. § 1983. Plaintiff is *pro se* and proceeding *in forma pauperis* ("IFP"). The matter is now before the Court on Plaintiff's motion for injunctive relief. (Doc. no. 40). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the motion be **DENIED**.

### I. BACKGROUND

Plaintiff contends that examination of his medical records confirms that Defendants have acted with malice, criminal negligence, and disregard for his health and safety.[1] (Doc. no. 40, p. 1). Specifically, Plaintiff maintains that, if his diseases had been treated at an early

---

[1] On March 27, 2008, the Court screened the above-captioned complaint in conformity with the IFP statute, 28 U.S.C. §§ 1915(e) & 1915A, and directed that service of process be effected upon Defendants Lift, Herman, Farmer, and Madison based on Plaintiff's allegations related to his medical treatment at Telfair State Prison and his transfer to Milan State Prison, as well as Defendant Burnette based on Plaintiff's allegations related to his retaliation and conditions of confinement claims. (Doc. no. 18, pp. 4-5).

stage, there is a chance that he would not die from Acquired Immune Deficiency Syndrome ("AIDS"). (Id.). Plaintiff also complains that Defendants are deceiving him about his medical conditions and denying him treatment for Hepatitis-C and AIDS. (Id.). Plaintiff concludes that the Court should "grant the relief sought as well as criminal charges against all [D]efendants known or unknown." (Id.).

## II. DISCUSSION

Parties moving for injunctive relief must show the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson County, 720 F.2d. 1511, 1519 (11th Cir. 1988)).

In the one-page instant motion, Plaintiff has not met his burden of persuasion on all four requisites for obtaining injunctive relief. Specifically, Plaintiff has failed to address, let alone establish, that there is a substantial likelihood that he will prevail on the merits of his claims, that the threatened injury outweighs whatever damage the proposed injunction may cause Defendants, or that the injunctive relief would not be adverse to the public interest. Furthermore, Plaintiff does not cite, and the Court is not aware of, any viable legal or

statutory justification for his position that the Court pursue criminal charges against state prison officials based on his allegations concerning his medical treatment. Thus, Plaintiff's request is unfounded.

Additionally, to the extent that Plaintiff is requesting that the Court order Defendants to provide him with medical treatment, Plaintiff has failed to establish that, if the injunction is not granted, there is a substantial threat that he will suffer irreparable injury. In order to establish the irreparable injury requirement, Plaintiff must show that the threat of injury is "neither remote nor speculative, but actual and imminent." Northeastern Fla. Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 973 (2d Cir. 1989)); see also Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994) (In order to obtain injunctive relief, a plaintiff must show "a real and immediate-- as opposed to a merely conjectural or hypothetical-- threat of *future* injury."). To meet this standard, a plaintiff must show "a *likelihood* that irreparable harm will occur." United States v. Emerson, 270 F.3d 203, 262 (5th Cir. 2001) (quoting Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2948.1 at 153-56). However, the future injury need not be an inevitability, "*a strong threat* of irreparable injury . . . is an adequate basis." Id.

Plaintiff contends that, if his diseases had been treated at an early stage, there is a chance that he would not die from AIDS. (Doc. no. 40, p. 1). Plaintiff also maintains that Defendants are deceiving him about his medical conditions and denying him treatment. (Id.). Despite Plaintiff's conclusory allegations, he has not provided the Court with specific facts demonstrating how Defendants have deceived him about his medical condition or denied him

medical treatment. Indeed, Plaintiff's self-diagnosis based upon his examination of medical records, as well as his concerns regarding his medical condition, appear to be wholly speculative. In any event, Plaintiff has failed to demonstrate that, if the motion is not granted, there is a real risk of imminent, irreparable injury. Therefore, Plaintiff cannot meet his burden of persuasion on all four requisites for preliminary injunctive relief.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for injunctive relief be **DENIED**. (Doc. no. 40)

SO REPORTED and RECOMMENDED this 5th day of August, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE