ORIGINAL

FILED
U.S. DISTRICT COURT
2009 SEP -3 AM 11:53
CLERK C Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| BOBBY RUTLEDGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 307-055 |
| | ) | |
| DR. FNU LIFT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed.[1] One of Plaintiff's objections merits further discussion, but it does not change the Court's opinion with respect to the Report and Recommendation.

The Magistrate Judge recommended that Defendants' motion for summary judgment be granted, finding, *inter alia*, that Plaintiff's claim of deliberate indifference against Defendant Herman for failure to prescribe him B-12 medication failed on the merits. (Doc. no. 74, pp. 14-16). In his objections, Plaintiff details his previous treatment for B-12 deficiency before he was transferred to Telfair State Prison, where the conduct giving rise to his complaint occurred. Indeed, he notes at least three doctors who diagnosed him with

---

[1] Plaintiff has submitted his objections in a "Motion for Relief from Judgment or Order." (Doc. no. 76). As this filing simply contains Plaintiff's objections to the Magistrate Judge's Report and Recommendation, the Clerk is **DIRECTED** to **TERMINATE** this "motion" from the motions report.

"pernicious anemia" and prescribed him doses of "B-12 treatment" to treat this condition. (Doc. no. 76, p. 3). In detailing the previous treatment he received, Plaintiff appears to imply that Defendant Herman acted with deliberate indifference by failing to follow this prior course of treatment. He goes on to cite the cases of Aswegan v. Bruhl, 965 F.2d 676 (8th Cir. 1992), and Hill v. Marshall, 962 F.2d 1209 (6th Cir. 1992), for the proposition that "failing or refusing to provide medication prescribed by physicians constitutes deliberate indifference." (Doc. no. 76, p. 2). In Aswegan, the appellate court affirmed the trial court's conclusion that there was sufficient evidence to support the jury's finding of deliberate indifference where one of the defendants "refused to see that [the plaintiff] get antibiotics prescribed by a specialist." Aswegan, 965 F.2d at 678. In Hill, the plaintiff was prescribed medication to treat symptoms of tuberculosis but apparently never received this medication. Hill, 962 F.2d at 1211. The jury found for the plaintiff, and the Sixth Circuit affirmed the verdict, noting the Supreme Court's holding that deliberate indifference can be "'manifested by . . . intentionally interfering with treatment once prescribed.'" Hill, 962 F.2d at 1214 (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).

In addressing this objection, the Court begins by noting that the cases cited by Plaintiff are not binding precedent in the Eleventh Circuit. That said, in relying on these cases to support his claims of deliberate indifference, Plaintiff overlooks that the facts of these two cases are distinguishable from the facts of his case. In Aswegan and Hill, there was no indication that the plaintiffs should have ever stopped receiving the prescribed medication. In the instant case, however, tests done immediately prior to Plaintiff's transfer to Telfair State Prison and tests done by Defendant Herman indicated that Plaintiff was not

suffering from a B-12 deficiency. (See doc. no. 65, Ex. B, p. 3). Moreover, Defendant Herman learned that the physician who had treated Plaintiff previously had recommended that Plaintiff avoid B-12 medications. (Id.). Accordingly, it cannot be said that Defendant Herman (or any other Defendant) acted with deliberate indifference in failing to provide Plaintiff with the previously prescribed B-12 treatment where blood tests confirmed and a prior treating physician had stated that Plaintiff did not need to receive such treatment. Thus, this objection is without merit and is **OVERRULED**.[2] In any event, as discussed in the Report and Recommendation, Plaintiff failed to exhaust his administrative remedies with respect to any of his claims (see doc. no. 74, pp. 12-14), and his complaint is due to be dismissed on that basis alone.[3]

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Defendants' motion for summary judgment is **GRANTED**, this civil action is **CLOSED**, and a final judgment shall be **ENTERED** in favor of Defendants.

SO ORDERED this 3rd day of September, 2009, at Augusta, Georgia.

UNITED STATES DISTRICT JUDGE

---

[2]The remainder of Plaintiff's objections are likewise without merit and are also **OVERRULED**.

[3]Notably, Plaintiff does not make any attempt to address his failure to exhaust in his objections to the Report and Recommendation.

3